Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **MAURICE EDWARD JACKSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:05CV00781 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*Maurice Edward Jackson, pro se*.

Petitioner Maurice Edward Jackson, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). In his motion, Jackson requests re-sentencing based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Jackson also argues that his § 2255 motion is timely filed, pursuant to § 2255 para. 6(3) because he submitted it within one year of the *Booker* decision. Because I find that *Booker* does not apply retroactively to Jackson's case, I must summarily dismiss his § 2255 motion.

I. Procedural History.

Jackson pled not guilty in this court to a charge of conspiracy to possess with intent to distribute crack cocaine. After a week-long trial in July 1994, a jury found Jackson guilty. The court sentenced Jackson on October 28, 1994, to 360 months in prison. Jackson appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. *See United States v. Stevenson*, Nos. 94-5874, -75, -76, 1996 WL 44091 (4th Cir. Feb. 5, 1996) (unpublished). The Supreme Court denied his petition for a writ of certiorari on May 28, 1996. *Jackson v. United States*, 517 U.S. 1129 (1996). Jackson signed and dated his § 2255 motion on December 2, 2005.

II. Analysis.

Jackson alleges that his sentence violates the rule of *Booker*. The Supreme Court, in its *Booker* decision, extended the rule in *Blakely v. Washington*, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The Fourth Circuit has held that *Booker* does not apply retroactively to cases on collateral review. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005).

Jackson's conviction and sentence became final on May 28, 1996, when the Supreme Court denied certiorari. *See United States v. Clay*, 537 U.S. 522, 525 (2003).

Since Jackson's conviction became final prior to the decision in *Booker*, I find that *Booker* does not apply retroactively to his § 2255 motion for collateral review. Because Jackson has not raised any other ground for relief under § 2255, I must dismiss his motion. Moreover, because *Booker* does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely under § 2255 para. 6(3).

An appropriate Final Order will be entered herewith.

DATED: January 3, 2006.

/s/ James P. Jones
Chief United States District Judge

- 3 -

Case 7:05-cv-00781-JPJ-mfu   Document 2   Filed 01/03/06   Page 3 of 3   Pageid#: 25